UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
RANDY WILLIAMS,

                                                  Petitioner,

                           -v.-                                       9:03-CV-568
                                                                   (LEK)(RFT)

GEORGE DUNCAN, Warden,

                                                  Respondent.
--------------------------------------------------------------------------

**APPEARANCES:**                                     **OF COUNSEL:**

RANDY WILLIAMS
Petitioner, *pro se*
01-B-0247
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ELIOT SPITZER                         MARIA MORAN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE

## **ORDER**

**I.    Background.**

      Presently before this Court is a *pro se* Petitioner's Motion to Amend the Petition and a Motion to Expand the Record. Dkt. Nos. 40 and 48. Respondent filed a letter Response to the Motion to Amend, stating that he "takes no position with respect to the Petitioner's motion." Dkt. No. 50. Respondent has, however, opposed the Motion to Expand the Record. Dkt. No. 44.

      This action was filed on May 8, 2003. Respondent filed a Response to the Petition on September 11, 2003. Dkt. No. 15. On April 15, 2004, this action was stayed so that Petitioner could exhaust his State court remedies. Dkt. No. 21. Petitioner has now advised the Court that

he has exhausted his State court proceedings.  Dkt. No. 38.

**II.    Motion to Amend.**

A motion to amend a pleading is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).[1]

In his Motion, Petitioner states that he is seeking to amend his Petition so that only those grounds that have been fully exhausted are before the Court.  Petitioner states that "I am aware that the effect of such a withdrawal may be that I will not be permitted to raise the withdrawn claims in a second or successive habeas corpus Petition."  Dkt. No. 48.  The claims Petitioner seeks to assert in his Amended Petition are ineffective assistance of trial counsel, use of false evidence, prosecutorial misconduct, and *Batson* issues.  Petitioner has attached his proposed Amended Petition to the Motion to Amend.

In light of Petitioner's reasons for the amendment, the lack of opposition from Respondent, and Petitioner's compliance with the Local Rules, his Motion to Amend the Petition will be **granted**.

**III.    Motion to Expand the Record.**

By his Motion to Expand the Record, Petitioner seeks leave to file material from his Criminal Procedure Law (CPL) § 440 Motion and Affidavits.  Dkt. No. 40.  Respondent opposes the Motion and states that it is their obligation to file the official documents from the CPL § 440

---

[1] The Court notes that Rule 11 of the Rules Governing *Habeas Corpus* Proceedings permits the application of the Federal Rules of Civil Procedure to *habeas* proceedings "to the extent they are not inconsistent with these rules[.]"

Motion and the proceedings on that Motion.  Further, with respect to Petitioner's request to file Affidavits, Respondent argues that "Petitioner fails to specify who the affidavits would be from and their relevance to the instant proceeding."  Dkt. No. 44.

Respondent is correct that it is their responsibility to file the records of the CPL § 440 Motion with this Court.  Further, this Court agrees that Petitioner's request to file Affidavits, without more detail as to their content and relevance to this proceeding, is an insufficient basis for this Court to permit an expansion of the record in this action.  Thus, Petitioner's Motion to Expand the Record must be **denied**.

WHEREFORE, it is hereby

ORDERED, that the stay in this action, imposed on April 15, 2004 (Dkt. No. 21), is hereby lifted and this action shall proceed; and it is further

ORDERED, that Petitioner's Motion to Amend (Dkt. No. 48) is **granted**; and it is further

ORDERED, that the original of such Amended Petition, which shall supersede and replace *in toto* the original Petition filed herein, shall be filed with the Court **within thirty (30) days** of the date of this Order;[2] and it is further

ORDERED, that Petitioner serve a copy of such Amended Petition on opposing counsel **within thirty (30) days** of the filing date of this Order; and it is further

ORDERED, that a formal Response to Petitioner's Amended Petition be filed by the Respondent or his counsel as provided for in the Federal Rules of Civil Procedure; and it is further

---

[2] The proposed amended petition submitted by Petitioner along with the present Motion shall not be filed by the Clerk as the amended petition herein.

ORDERED, that Petitioner's Motion to Expand the Record (Dkt. No. 40) is **denied**; and it is further

ORDERED, that the Clerk serve a copy of this Order upon the parties.

IT IS SO ORDERED.

Date:   December 13, 2005
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge